UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN WEBER,             :           NO. 1:12-cv-550
                            :
      Plaintiff,     :
                            :
   v.                   :          **OPINION AND ORDER**
                            :
COMMISSIONER OF SOCIAL   :
SECURITY,             :
                            :
      Defendant.     :

This matter is before the Court on the Magistrate Judge's June 19, 2013 Report and Recommendation (doc. 13), Defendant's objections thereto (doc. 16) and Plaintiff's reply (doc. 17). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's recommended decision and ADOPTS the Magistrate Judge's Report and Recommendation in all respects, REVERSES the decision of the Administrative Law Judge and REMANDS this case for further proceedings consistent with this Opinion and the specific recommendations of the Magistrate Judge.

The procedural and factual backgrounds of this case are well-detailed in the Magistrate Judge's Report and Recommendation, and the Court will not reiterate them here. In brief, however, Plaintiff applied for disability insurance benefits ("DIB"), alleging a disability onset date of December 15, 2008 because of a combination of mental and physical

1

impairments.    In  a  decision  dated  January  6,  2010,  the Administrative  Law  Judge  ("ALJ")  determined  that  Plaintiff  had severe  impairments  of  loin  pain-hematuria  syndrome  (LPHS)  and depression.    However,  the  ALJ  also  determined  that  none  of  these impairments,  alone  or  in  combination,  met  or  medically  equaled one  of  the  listed  impairments  in  20  C.F.R.  Part  404,  Subpart  P, Appendix  1,  and  that  Plaintiff  had  the  residual  functional capacity  ("RFC")  to  perform  sedentary  work  with  certain additional  limitations.    A  vocational  expert  testified  that, although  he  was  not  capable  of  performing  his  past  relevant work,  a  person  with  Plaintiff's  profile  and  RFC  nonetheless would  be  able  to  perform  "jobs  that  exist  in  significant  numbers in  the  national  economy"  (doc.  13  at  2  (citing  Tr.  26-27)). Therefore,  the  ALJ  determined  that  Plaintiff  was  not  disabled and  thus  not  entitled  to  DIB.

Plaintiff  eventually  sought  review  from  this  Court  and argued  that  the  ALJ  erred  when:    (1)  he  determined  that Plaintiff  could  sustain  full-time  work  without  addressing  his need  to  miss  work  for  treatment  or  because  of  pain;  (2)  he failed  to  give  controlling  weight  to  his  treating  psychologist's opinion  of  his  mental  RFC;  and  (3)  he  improperly  assessed Plaintiff's  credibility  regarding  his  allegations  of  disabling pain.    Conceding  that  it  was  a  close  case,  and  noting  that  "the heart  of  [it]  rests  on  credibility  issues"  (id.  at  12),  the

2

Magistrate Judge concluded that the evidence presented fell short of the amount necessary to affirm and thus recommended that it be remanded for additional review of all three issues.

Beginning with Plaintiff's first assignment of error, the Magistrate Judge noted that the ALJ made a misstatement when he observed that Plaintiff had not required in-patient treatment for his LPHS or for pain, inasmuch as the record indicated that Plaintiff was admitted to the hospital twice for unrelenting pain.  Of greater concern to her, however, was his reference to evidence that he believed supported a conclusion that Plaintiff's frequent but relatively short emergency room visits could be attributed to opiate abuse and drug-seeking behavior. Because the primary symptom of LPHS is severe pain and because the primary treatment of LPHS is the administration of opiates, she questioned whether the ALJ properly discounted the large number of visits and attributed them instead to substance abuse. Moreover, in characterizing the issue as one of credibility, the ALJ plainly side-stepped the sequential analysis required when the issue of substance abuse presents itself.  The ALJ must determine initially whether a claimant suffers from a disability with symptoms that <u>include</u> the symptom of substance abuse (20 C.F.R. § 416.920); only <u>after</u> a determination of disability can he <u>then</u> proceed to consider whether the substance abuse is a "contributing factor to the determination of disability" (citing

20 C.F.R. § 416.1535). Framing the inquiries in this case, the Magistrate Judge instructed that the ALJ should have determined first whether Plaintiff's symptoms (including the alleged "drug-seeking" visits) would preclude sustained work and, if so, whether Plaintiff's symptoms still would be disabling in the absence of substance abuse. With regard to Plaintiff's 83 doctor and hospital visits, a volume arguably incompatible with sustained employment, the Magistrate Judge noted that the record did not contain any quantitative evidence concerning the number of visits reasonably required to treat the symptoms of Plaintiff's LPHS. She thus found reversible error in the ALJ's failure to address more specifically the issue of whether the frequency of Plaintiff's need for treatment would preclude all work.

Regarding Plaintiff's second assignment of error, the Magistrate Judge agreed with the ALJ that Plaintiff's mental health record was quite sparse. She believed, however, that a scant record mitigated against his decision to not give "controlling weight" to the opinion of treating psychologist, Dr. Dennis Schneider, that Plaintiff's depression was debilitating. Among other things, she noted that, when Dr. Schneider assessed Plaintiff's depression as "stable", it was improper for the ALJ to assume he meant "better" when the only appropriate inference was "unchanged." Of particular concern to

4

the Magistrate Judge was the ALJ's pronouncement that Plaintiff's two hospitalizations for suicidal ideation were simply "attempts to garner the attention of family members" (see doc. 13 at 10 (quoting Tr. 23, 26)) and thus could not corroborate Dr. Schneider's opinion. To draw such a conclusion based on personal perception, she observed, "borders on improper medical judgment" (see id. at 10).[1] Just as she was troubled by the "little weight" given to the opinion of Dr. Schneider, the Magistrate Judge likewise was concerned with the decision of the ALJ to give "some weight" to the contrary (and much earlier) mental RFC opinion of Dr. Catherine Flynn, a non-examining psychologist. Dr. Flynn opined, for example, that Plaintiff had just "mild" difficulties in maintaining social functioning (see Tr. 423), yet because the ALJ recognized that she "was unable to review significant documentary and testimonial evidence received at the hearing level regarding the claimant's mental status," he somewhat randomly assessed Plaintiff as having "moderate" difficulties instead (see doc. 13 at 12 (quoting Tr. 22)). With

---

[1] This perception does find minimal support in the hospital records documenting both admissions for suicidal ideation (Tr. 263 (Mercy Hospital Clermont) and Tr. 816 (Lindner Center for Hope)) and in Plaintiff's own testimony in response to the ALJ's leading questions posed at the administrative hearing ("That was really more of a gesture, was it not?" (Tr. 68 (emphasis added))). Nevertheless, we agree with the Magistrate Judge that the ALJ's dismissive tone is without foundation "in the absence of evidence that Plaintiff's treating physicians believed that his hospitalizations were not medically necessary" (see doc. 13 at 10–11).

a record so lacking, the Magistrate Judge recommended remand, believing that the ALJ should reconsider the evidence, obtain another report from a consultative psychologist if necessary and more carefully explain the basis for the weight accorded to Dr. Schneider's opinion.

Finally, regarding Plaintiff's third assignment of error, the Magistrate Judge observed that the ALJ discounted Plaintiff's credibility for multiple reasons, none of which—alone or in any combination—amounted to substantial evidence. As detailed earlier, it was error for the ALJ to characterize Plaintiff's alleged drug-seeking behavior as a credibility issue. On the issue of whether Plaintiff worked beyond December 2008, it was nonsensical for the ALJ to question the his truthfulness when the ALJ made a specific factual finding that indeed he did not ("2. The claimant has not engaged in substantial gainful activity since December 15, 2008, the alleged disability onset date" (Tr. 18 (citation omitted))).[2]

_____

[2] The Magistrate Judge also correctly referenced the fact that Plaintiff's employment records did not support work activity beyond December 2008 (see Tr. 140-48) and the Court notes that Plaintiff did not equivocate during his hearing testimony in this regard (see Tr. 43-44). Concerning the January 6, 2011 treatment record from Dr. R. Bruce Bracken at UC Health-Surgery that indicated Plaintiff simultaneously was "unemployed" and "works at a sports/health club" (Tr. 785), purportedly suggesting that Plaintiff was not truthful when he testified that he left his job "just before or after Christmas of 2008" (see Tr. 43), we observe that this information appears in the record under the category "PAST HISTORY/Social History".  We

The Magistrate Judge also questioned the validity of the ALJ's reliance on Plaintiff's failure to seek more mental health treatment without considering if that failure might be "simply another symptom" of his depression, citing authority from our parent circuit.  White v. Comm'r of Soc. Sec., 572 F.3d 272, 283 (6th Cir. 2009) ("ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state.").  She was critical, too, of the ALJ's reference to Plaintiff's alleged "conservative . . . and relatively non-aggressive" pain management treatment with Dr. Mukarram Khan.  Treatment with opiates and narcotics, coupled with multiple emergency room visits, nearly all for pain, seemed anything but "conservative," and she referenced the recommendation of Plaintiff's treating psychologist, Dr. Schneider, to postpone a more aggressive surgical treatment involving implantation of a pain pump (see Tr. 436-37) given the state of Plaintiff's mental health.

---

note further that the same information appears again in the January 25, 2011 treatment record from Dr. Jennifer Cavitt at UC Health-Neurology under exactly the same category (see Tr. 791). Clearly the more probable explanation is a carry-over of information previously entered in the database of Plaintiff's medical record maintained by UC Health.  In like regard, the ALJ's focus on Plaintiff's supposed pursuit of a paralegal degree since December 2008 also was misguided.  The entry "going to school for paralegal degree" appears in that very line immediately after "works at sports/health club," and, as with his last date of employment, Plaintiff's hearing testimony was quite definite (see Tr. 42-43).

Defendant filed objections to the Magistrate Judge's Report and Recommendation, arguing that, she improperly re-weighed the evidence and should have instead given deference to the ALJ's determinations concerning the volume of Plaintiff's hospital visits, the amount of weight to credit the opinion of Dr. Schneider and whether Plaintiff was credible. Defendant also argues that it was "harmless error" when the ALJ did not engage in the two-step inquiry outlined by the Magistrate Judge, urging that in fact he "implicitly" found that "none" of Plaintiff's drug-seeking visits were necessary to control his pain, but, rather, were the result of opiate abuse (see doc. 16 at 4). Plaintiff replies that he believes the ALJ's determinations merit reversal and an award of benefits, but, at a minimum, urges us to accept the Magistrate Judge's recommendation for remand.

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo the filings in this matter. Upon careful consideration of the foregoing, the Court finds Defendant's objections unpersuasive and determines that the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Accordingly, this Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13), REVERSES the decision of the ALJ that Plaintiff be denied

disability insurance benefits, REMANDS this matter (under sentence four of 42 U.S.C. § 405(g)) to the ALJ for proceedings consistent with this Opinion, and DISMISSES this case from the Court's docket.  Remand is appropriate in cases, as here, when there is insufficient evidence in the record to support the Defendant Commissioner's conclusion and further fact-finding is necessary.  See Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).  On remand, as the Magistrate Judge recommended, the ALJ should: (1) reevaluate whether Plaintiff can sustain full-time work; (2) reconsider the evidence regarding Plaintiff's mental RFC, obtain another report from a consultative psychologist if necessary, and more carefully explain the basis for the weight accorded to the opinion of Plaintiff's treating psychologist; and (3) reassess Plaintiff's credibility, with particularly attention devoted to the admonition of the Magistrate Judge at pages 12-14 of her Report and Recommendation (doc. 13).

     SO ORDERED.

Dated: September 24, 2013    s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge