**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JUSTIN WEBER,                                              Case No. 1:12-cv-550

        Plaintiff,                                        Barrett, J.
                                                          Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


**REPORT AND RECOMMENDATION**

Plaintiff has filed an unopposed motion seeking an award of attorney's fees under 42 U.S.C. §406(b).  Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge.  For the reasons that follow, I recommend that the motion be GRANTED in full.

**I. Background**

In January 2009, Plaintiff filed an application for disability insurance benefits ("DIB"), alleging a disability onset date of December 15, 2008 due to a combination of mental and physical impairments, including a kidney disorder, depression, and anxiety. Plaintiff's application was denied at the administrative level, including in a written decision by an Administrative Law Judge dated April 28, 2011.  On July 19, 2012, Plaintiff filed a judicial appeal of that adverse decision in this Court, pursuant to 42 U.S.C. §405(g).

On June 19, 2013, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g), on grounds that the ALJ's decision was not supported by substantial evidence.  (Doc. 13).  That report and

recommendation ("R&R") was adopted by the presiding district judge, over the Commissioner's objections, on September 25, 2013. (Doc. 18). Following the entry of judgment on the same day, the above-captioned case was closed. (Doc. 19). Plaintiff sought an attorney's fee award under the Equal Access for Justice Act ("EAJA") shortly thereafter, and was awarded $2568.75 in EAJA fees pursuant to a joint stipulation. (Docs. 20-25).

Following remand, proceedings at the administrative level continued until on or about February 18, 2015, when Plaintiff received a Notice of Award stating that additional review had resulted in a determination of disability, and that he would receive benefits retroactive to June 2009. The total amount of past due benefits was calculated to be $48,496.00, through January 2015. (Doc. 26 at 11). On March 4, 2015, Plaintiff's counsel filed a motion in this Court seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 26).

Plaintiff's motion reflects that Plaintiff signed a contingency fee contract on March 11, 2014, in which he agreed to pay 25% of any award of back due benefits that resulted from a successful appeal in federal court. (Doc. 26 at 8). Plaintiff's §406(b) motion seeks a judicial determination that counsel is entitled to an award of $6124.00 under that contingency fee contract.[1] The Notice of Award advises the claimant and counsel that the Social Security Administration has withheld that amount from the substantial award of past-due benefits, "in case your lawyer asks the Federal Court to approve a fee for work that was done before the court." (Doc. 26 at 12).

---

[1]Plaintiff's counsel received $6,000.00 for his work at the administrative level, pursuant to 42 U.S.C. §406(a). That fee, when added to the fee sought under §406(b), equals the statutory maximum of 25% of the past-due benefits award, consistent with the fee agreement.

2

## II.  Analysis

### A.  Relevant Provisions for Payment of Attorney's Fees

Prior to turning to the motion at hand, it is useful to briefly review the three statutory provisions that provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal adverse social security decisions to this Court.  First, the EAJA, which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials.  *See* 28 U.S.C. §2412(d)(1)(A).  A plaintiff who wins a remand of his social security appeal is considered to be a "prevailing party," regardless of whether benefits are ultimately awarded  An EAJA fee award has no impact upon a claimant's future award of benefits, because the award comes from the Social Security Administration.  By statute, an EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court.  28 U.S.C. §2412(d)(1)(b); (d)(2)(G).

Two additional fee provisions are contained in the Social Security Act itself.  For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00.  Because §406(a) is designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards.  *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

3

Last, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the judicial appeal of an adverse administrative decision. In contrast to the EAJA which authorizes fees for obtaining remand to the agency even if no benefits are ever awarded, a §406(b) fee can be awarded <u>only</u> when the agency awards benefits to the plaintiff after remand. Also in contrast to the EAJA, §406(b) fees come directly out of the successful claimant's award, thereby reducing his or her benefits, and generally must be supported by a fee agreement. Unlike the EAJA, §406(b) does not contain a statutory time limit for filing the motion, but instead is governed by the general time limit for filing a motion for fees contained in Rule 54(d)(2), Fed. R. Civ. P.

Despite the differences between the statutory provisions, Congress has made clear that an attorney may not obtain a double-recovery for the same work. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989). Thus, in cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he is required to remit to the claimant the smaller of the two awards. *Id.* Additionally, the total fee award made under the combination of §406(a) and §406(b) may not exceed 25% of the total award of past benefits.

**B.  Merits of Motion**

**1.  Timeliness**

Even though the Commissioner has not filed any response in opposition to Plaintiff's motion, this Court has an affirmative duty under *Gisbrecht* and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under

4

§406(b). That affirmative duty includes an examination of the timeliness of the motion.[2] As the undersigned has frequently noted, and as implicitly adopted by the Sixth Circuit in the recently published case of *Lasley v. Com'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014), a motion for attorney's fees under §406(b) generally must be filed within 14 days of receipt of the Notice of Award. Assuming at least three days for service by mail and excluding weekends, receipt of the Notice is assumed to have occurred on or about February 23, 2015. Counsel is to be commended for filing his motion well within the Rule 54(d) deadline.

### 2. Review of the Merits of the Fee Award

As has been discussed by this Court and others, the Commissioner has little incentive to file any response at all to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Still, under controlling case law, this Court has an affirmative duty to examine the "reasonableness" of fee awards under 42 U.S.C. §406(b). The Sixth Circuit has emphasized that the 25% statutory cap should not be "viewed as per se reasonable" and instead, should be "a starting point for

---

[2]While some courts have amended their local rules to better articulate the deadline for filing §406(b) motions, most courts have applied the doctrine of equitable tolling to construe the date of the Notice of Award as the operative "judgment" date under Rule 54(d)(2). *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010*); Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481, 484-485 (W.D. Mich. 2013); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(applying equitable tolling and Rule 54(d)(2) on facts presented); see also, generally, *Lasley v. Com'r of Soc. Sec.,* Case No. 1:10-cv-394-SJD, 2013 WL 3900096 (S.D. Ohio, July 29, 2013), adopted by Dlott, J. at 2013 WL 6147841, *aff'd* 771 F.3d 308 (6th Cir. 2014); *Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127-SSB, 2013 WL 308730 (S.D. Ohio Jan. 25, 2013), adopted at 2013 WL 607968 (Feb. 19, 2013); *Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014); *Cyrus v. Com'r of Soc. Sec.*, Case No. 1:11-cv-234-MRB, R&R adopted at 2014 WL 5432123 (S.D. Ohio, Oct. 27, 2014); *Wallace v. Social Security*, Case No. 1:09-cv-382-SSB, 2013 WL 3899964 (S.D. Ohio, July 28, 2013), adopted at 2013 WL 4517772 (Aug. 26, 2013).

the court's analysis." *Rodrizuez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  Thus, federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a §406(b) award.  *See generally Gisbrecht v. Barnhart*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

An attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered."  *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689 (S.D. Ohio 2013)(*citing Gisbrecht*, 535 U.S. at 807); see also Lasley v. Com'r of Soc. Sec., 771 F.3d 308 (6th Cir. 2014).  Turning to the record presented, Plaintiff's motion is supported by a short memorandum detailing counsel's experience and the character of his representation, counsel's time records (reflecting 17.75 hours of work before this Court), the contingency fee agreement, and the Notice of Award.  Dividing counsel's hours by the number of hours expended yields a hypothetical hourly rate of $345.01.  The hypothetical hourly rate is barely "twice the standard rate," awarded in such cases, and is less than the $350-360 per hour typical rates for §406(b) cases that this Court has previously be determined to be presumptively reasonable.  *See, e.g., Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014; *see also Lasley*, 771 F.3d at 309 (quoting the R&R and *Hayes*, 923 F.2d at 422, noting that *Gisbrecht* instructed courts to consider standard rates, focusing on reasonableness and avoiding windfalls).  The undersigned finds that the full contingency fee agreed upon should be awarded in this case.  The motion is well-supported and honoring the parties' agreement clearly would not result in

6

a windfall on the record presented.

The only additional issue to be considered is the issue of the prior EAJA award. Ordinarily, an EAJA award must be refunded to the Plaintiff if a subsequently larger §406(b) fee is awarded, because the fee awards cover duplicative work in this Court. However, EAJA awards are only paid to counsel in cases in which the social security plaintiff has assigned any such fee award to his or her attorney (standard in most cases), and only after the United States has verified that the plaintiff owes no debt to the United States. Otherwise, EAJA fee awards are payable directly to the Plaintiff. *See generally Astrue v. Ratliff*, 560 U.S. 586 (2010). In this case, the EAJA fee award was intercepted by the U.S. Department of Education's Federal Offset Unit, so counsel never received the benefit of the EAJA fee award, and the fee awarded under §406(b) therefore would not be duplicative. Counsel is under no obligation to return to Plaintiff an EAJA fee that he never actually received. *Accord Figard v. Com'r of Soc. Sec.*, 2012 WL 1601300 at *2 (W.D. Mich., March 12, 2012)("Because plaintiff (rather than her counsel) received the benefit of the EAJA fee award, there is no reason to reduce counsel's §406(b) fee by the amount of the intercepted EAJA fee award.").

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's unopposed motion for a fee award pursuant to 42 U.S.C. §406(b) (Doc. 26) should be GRANTED, and the Social Security Agency should be directed to pay to counsel an additional $6124.00 for work performed in this Court.

  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JUSTIN WEBER,                                              Case No. 1:12-cv-550

        Plaintiff,                                    Barrett, J.
                                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8